S. P. NORTHCUT, Respondent, v. JOHN O. LONG TIE AND LUMBER COMPANY, Appellant.

Springfield Court of Appeals, January 30, 1915.

1. **STREAMS: Floating Railroad Ties Down: Overflow Caused by Obstruction.** One floating ties down a stream, in the absence of any proof of negligence on his part is not liable for the overflow of the land of another along the stream occasioned by the jamming of the ties which formed an obstruction.

2. ———: ———: **Negligence: Liability.** Where logs are allowed to form jams in a stream down which they are being floated, and thereby a greater flowage is caused than would otherwise exist, the person floating such logs is liable for damages resulting from such excessive overflow, where want of ordinary care is shown in not breaking up the jam.

3. ——————: ——————: ——————: ——————: When: When Not. Action to recover damages for overflow of plaintiff's land caused by the jamming of railroad ties floating down a stream. The ties were not attended by drivers or others in charge thereof. If defendant knew, or by the exercise of ordinary care could have known that the result complained of was liable to occur if he did not supervise the floating of the ties or that too many ties were placed in the stream at one time, he was liable. And such liability is not escaped merely because of an unusual freshet at the time, if the negligence of the defendant was the proximate cause of the injury or so concurred that it is reasonably certain that the unusual freshet alone would not have produced the damage. But the defendant is not liable if the freshet alone would have produced such damage irrespective of defendant's negligence.

Appeal from Crawford County Circuit Court.—*Hon L. B. Woodside*, Judge.

REVERSED AND REMANDED.

*James Booth* and *F. H. Farris* for appellant.

Where, as in this case, the defendant was using the creek for floating ties, the presumption is that it was making a rightful and proper use of the creek. Chandler v. Transit Co., 213 Mo. 244. Especially does this presumption apply in this case where it had been previously adjudicated in an action where this plaintiff was defendant, that Indian Creek was a fit and proper stream to be used for rafting and floating ties—that it is to be regarded as a public highway for that purpose. McKinney v. Northcut, 114 Mo. App. 146.

*M. E. Rhodes* and *Harry Clymer* for respondent.

(1) The law has been long established, that unless authorized by appropriate constitutional enactment, no one can in any material manner or extent interfere with the waters of running streams in such a way as to invade the rights of others. Realty Co. v. Railroad, 154 Mo. App. 364. (2) Respondent had a right to occupy the stream in floating his ties to the market,

without inflicting injury upon the adjacent property. Persons engaged in rafting ties are liable to riparian owners for injury to their property, and must respond in damages. McKinney v. Northcut, 114 Mo. App. 146.

ROBERTSON, P. J.—This is an action to recover damages for the overflow of plaintiff's land from Indian Creek by reason of railroad ties jamming and forming an obstruction therein after having been placed in said creek above said land by the defendant. There is no negligence on the part of the defendant alleged or proved. The plaintiff prevailed and the defendant has appealed.

The railroad ties were placed in said stream for the sole and only purpose of floating them as a matter of commerce. The only question in this case for decision is that of whether it is necessary to a recovery in this case that the plaintiff prove negligence on the part of the defendant in using the stream before he should be permitted to recover. This question must be answered in the affirmative. In the case of McKinney v. Northcut, this plaintiff, 114 Mo. App. 146, 89 S. W. 351, it is held relative to this creek, that it is such a stream as the public has a right to float railroad ties in. It was there held, as we hold, that this stream, for the purpose which defendant was using it, is a public highway. It is useless to reiterate what was said in the opinion in that case, but we add the case of Hot Springs Lumber and Manufacturing Co. v. Rivercomb, 55 S. E. 580, to the authorities there cited.

It being determined that this stream is a public highway for the purpose of which it was being used by the defendant it is self-evident that the defendant cannot be held responsible for the alleged overflow unless it has been negligent. It is said in 25 Cyc. 1579, that ''Where logs are allowed to form jams, and cause flowage greater than would otherwise exist, the person

or company driving the logs is liable for damages resulting from such excessive flowage, where want of ordinary care is shown in not breaking up the jam," the Rivercomb case, supra, is to the same effect. It is alleged in plaintiff's petition in this case that the ties were not attended by drivers or in charge of anybody for the defendant after it put the ties into said creek, but there is no allegation that this omission constituted negligence. If the defendant knew or by exercise of ordinary care could have known that the result complained of was likely to occur if it did not supervise the floating of the ties, or if in the exercise of such care it should have known that too many ties were placed therein at one time, then it should be accountable for the result alleged.

It is said that there was an unusual freshet at this time but that would not necessarily excuse defendant if its negligence was the proximate cause of the injury or so concurred that it is reasonably certain that the unusual rise alone would not have sufficed to produce it and then defendant is liable even though it did not anticipate said rise, but if the said rise would have produced the same damage irrespective of defendant's negligence it is not liable. [Harrison v. Kansas City Electric Light Co., 195 Mo. 606, 623, 93 S. W. 951.]

It follows that the judgment must be reversed and the cause remanded.

*Sturgis* and *Farrington, JJ.*, concur.