CARL E. GROBE, Respondent, v. ENERGY COAL AND SUPPLY COMPANY, Appellant.*

In the Springfield Court of Appeals, August 13, 1925.

1. **PLEADING:** Petition Cured by Verdict Where Omissions May be Implied: Where Only Challenge is Ore Tenus Demurrer, Every Reasonable Intendment Indulged. A defect in petition, where omitted allegation may be implied from allegations in petition, is cured after verdict where the only challenge is an *ore tenus* demurrer; every reasonable intendment being indulged in favor of petition.

2. ———: Omitted Allegation in Petition Held Properly Implied on Defendant's Demurrer. Plaintiff alleged that defendant wrongfully

Grobe v. Energy Coal and Supply Co.

converted gravel from his land bordering on river, and defendant claimed that petition failed to state a cause of action in not alleging that river was not navigable. *Held*, that petition was good, since defendant by demurrer admitted that he acted wrongfully, which he could not have done if stream were navigable, so that an allegation of nonnavigability will be implied from the allegations made.

3. NAVIGABLE WATERS: ''Navigable Stream'' Defined. A "navigable stream" in the broad sense "is a stream such as will permit and bear the passage of ordinary boats of commerce upon the bosom of its waters."

4. EVIDENCE: Judicial Notice That Stream is Not Navigable Taken Where no Evidence to Show Navigability. In an action for conversion of gravel along a river, where issue was navigability of river at that point, in absence of substantial evidence that river there was navigable to the extent that title to its bed was in the general public, the court took judicial notice of the fact that such was not the case.

5. TRESPASS: Possession Sufficient to Maintain Trespass against Stranger. Possession by the plaintiff is sufficient to maintain an action of trespass as against a stranger.

6. TRIAL: Remarks of Counsel Held Not Prejudicial. Remarks of counsel that plaintiff was a farmer and defendant a corporation were not, under the circumstances, prejudicial to defendant.

---

*Headnotes 1. Pleading, 31 Cyc., pp. 82, 729; 2. Pleading, 31 Cyc., p. 336; 3. Navigable Waters, 29 Cyc., p. 289; 4. Evidence, 23 C. J., p. 81, Section 1862; 5. Trespass, 38 Cyc., p. 1017; 6. Appeal and Error, 4 C. J., p. 957, Section 2938.

Appeal from the Circuit Court of Butler County.—*Hon. Almon Ing*, Judge.

AFFIRMED.

*Sam M. Phillips* of Poplar Bluff, for appellant.

(1) Navigable waters are waters capable of being navigated, that is navigable in fact; the test being whether or not they are navigable in their ordinary condition as highways for commerce over which trade and travel may be conducted in the customary mode of trade

or travel on water. Slovensky v. O'Reilly, 233 S. W. 478; McKinney v. Northcutt, 114 Mo. App. 146; Hickey v. Hazard, 3 Mo. App. 480; O'Fallon v. Daggett, 4 Mo. 343; State v. Taylor, 123 S. W. 919.   (2)   The fact that there is no tide in Black river does not prevent it from being a navigable stream.   Water is navigable in law, although not tidal, and is navigable in fact where it is of sufficient capacity to be capable of being used for useful purposes of navigation, that is, for trade and travel in the usual and ordinary modes.   Benson v. Morrow, 61 Mo. 345; Weller v. Mo. Lumber & Mining Co., 151 S. W. 853, 176 Mo. App. 243; Schulte v. Warren, 218 Ill. 108, 75 N. E. 783; Hempstead v. New York, 52 N. Y. App. Div. 182, 65 N. Y. Supp. 14; Alston v. Limeshouse, 60 S. C. 559, 39 S. E. 188; St. Anthony Falls Water Power Co. v. St. Paul Water Com., 168 U. S. 349, 18 Sup. Ct. 157, 42 Law Ed. 497; Egan v. Hart, 165 U. S. 188, 17 Sup. Ct. 300, 41 Law, Ed. 680; Light, etc., Co. v. State, 191 N. Y. Sup. 657; Mfg. Co. v. State, 194 N. Y. Supp. 155.   (3)   Navigable character of stream is not affected by the fact that there are stretches where navigation is difficult or impossible.   Light, etc., Co. v. State, 191 N. Y. Supp. 657.   (4)   Nor does presence of reefs, rapids and shallow water change its character.   Light, etc., Co. v. State, 191 N. Y. Supp. 657; Danes v. State, 219 N. Y. 67, 113 N. E. 786; State v. Land Co., 127 Tenn. 575, 158 S. W. 746, Ann. Cases 1914-B, 1043; Leamy v. Rex, 54 Canada Sup. Ct. 143, 15 Canada Exchange 189; Hubbard v. Fort, 188 Fed. 987; Power Co. v. Rex, 43 Canada Sup. Ct. 27; People v. Page, 39 App. Div. 110, 6 N. Y. Supp. 834, 56 N. Y. Supp. 239; Guilliams v. Club, 175 Pac. 437; Pulp, etc., Co. v. Peck, 104 Misc. 172, 171 N. Y. Supp. 1065; Light etc. Co. v. United States, 256 Fed. 792; Pulp, etc., Co. v. Peck, 178 N. Y. Supp. 663.   (5) The fact that large steam boats could not pass up and down Black river at the point where the gravel in question was taken from the bottom of the river, would not destroy the navigability of the stream when it was

shown that the stream was navigable from the Black river bridge at Poplar Bluff south to its mouth. When Black river was shown to be navigable in part, this made of it a navigable stream for its whole length, and it being a navigable stream the plaintiff could have only owned property, if he owned it at all (which his own evidence showed that he did not) to the low water mark on his side of the river. 9 Corpus Juris, 187; Frank v. Goddin, 103 Mo. 390; State v. Longfellow, 169 Mo. 109; Perkins v. Adams, 132 Mo. 131; Hobart-Lee Tie Co. v. Stone, 117 S. W. 604, 135 Mo. App. 438. (6) Instruction number one submits wrong measure of damages. The plaintiff's instruction No. 1 was erroneous in submitting to the jury the wrong measure of damages in this case. The instruction told the jury that if they found certain facts "your verdict must be for the plaintiff for the reasonable market value of such gravel, if any, at the time and place taken and carried away, etc." From the reasonable market value of the gravel at the place it was taken and carried away should be deducted the cost of pumping the gravel. (7) Petition does not state cause of action. Plaintiff's petition in this case did not state facts sufficient to constitute a cause of action in that it failed to state that Black river was a non-navigable stream. If Black river was a navigable stream, then even though plaintiff's land bordered on said stream, still he would not own to the thread of the stream. Frank v. Goddin, 193 Mo. 390; State v. Longfellow, 169 Mo. 109; Perkins v. Adams, 132 Mo. 131. (8) Now in order for the plaintiff to recover in this lawsuit the burden of proof was upon him to establish by a preponderance of the testimony that Black river was a non-navigable stream. This was a fact absolutely essential for him to prove in order to recover. What is necessary to be proved is necessary to be alleged, and plaintiff's failure to incorporate in his petition the allegations of this necessary fact to entitle him to recover, made the petition defective in that it did not state facts sufficient to consti-

tute a cause of action. The defendant made this objection to the petition. (9) In a petition if a material fact is not alleged, it is presumed not to exist. Frantz v. Patterson, 123 Ill. App. 13; Cannon v. Castleman, 162 Ind. 6, 69 N. E. 455; Hughes v. Murdock, 45 La. Annual, 935, 13 So. 182; Chicago, etc., Ry. Co. v. Sheppard, 39 Neb. 523, 58 N. W. 189; Stillings v. Van Alstine, 2 Neb. (Unoff), 684, 89 N. W. 756; Marsh v. Marshall, 53 Pa. St. 396; Mills v. Swearingen, 67 Tex. 269, 3 S. W. 268. (10) It has always been the law in this State that it is erroneous to submit to the jury an issue of fact concerning which no allegation is made in the pleadings. The trial issues must in all cases be within the paper issues. State ex rel. v. Ellison, 195 S. W. 724, 270 Mo. 645; Fulkerson v. Thornton, 68 Mo. 468; Kenney v. Railroad Co., 70 Mo. 252; Melvin v. Railroad, 89 Mo. 106; Rothschild v. Frensdorf, 21 Mo. App. 318; Whitlock v. Appleby, 49 Mo. App. 295. (11) The plaintiff must state the facts upon which he bases his cause of action as they exist; he cannot set up one state of facts, and recover upon another. If he fails to state facts sufficient to constitute a cause of action, he cannot supply the defect by evidence at the trial. Fields v. Chicago, Rock Island, etc., Ry., 76 Mo. 614. (12) He cannot prove facts not pleaded, and he is not entitled to an instruction based upon facts not pleaded. Halpin Mfg. Co. v. School Dist., 54 Mo. App. 371; Chitty v. St. Louis, Iron Mountain, etc., Ry. Co., 148 Mo. 64.

*Jerry Mulloy,* of Poplar Bluff, for respondent.

(1) (a) The court will take judicial notice that Black river is not a navigable stream in the broad sense where title to the bed is retained in the public and not vested in adjoining landowners. State ex rel. Taylor, 224 Mo. 393, 123 S. W. 893; Weller v. Lumber Co., 176 Mo. App. 243, 161 S. W. 853; Northcutt v. Lumber Co., 187 Mo. App. 386, 173 S. W. 15; Wright Lumber Co.

v. Ripley County, 270 Mo. 121, 192 S. W. 996; State v. Wright, 201 Mo. App. 92, 208 S. W. 149; Hobart Lee Tie Co. v. Grabner, 219 S. W. 975; Slovensky et al. v. O'Reilly et al., 233 S. W. 481. (b) This judicial notice will prevail despite admissions of the parties and Acts of the Legislature to the contrary. Wright Lumber Co. v. Ripley County, 270 Mo. 121, 192 S. W. 996; Hobart Lee Tie Co. v. Grabner, 219 S. W. 975; Slovensky et al. v. O' Reilly, 233 S. W. 482. (c) The petition, by alleging that the lands of plaintiff ''formed a part of the bed and banks of Black river; and that the defendant took and carried away two thousand yards of gravel 'theretofore lying and being on and comprising a part of said described lands,' '' contains averment which brings the case within the scope of judicial knowledge. Facts of which the court will take judicial notice need not be alleged. 31 Cyc. 47; Bart v. Kansas City El. R. Co., 142 Mo. 535, 44 S. W. 778; South Missouri Lumber Co. v. Wright, 114 Mo. 326, 21 S. W. 811; Shackleford v. City of Jefferson, 167 Mo. App. 59, 150 S. W. 1123; Bliss on Code Pleading (2 Ed.), p. 285; McQuillin's Pleading and Practice (1892), p. 270; Baylies' Code Pleading & Forms, p. 31; Sec. 1259, R. S. 1919. (2) (a) Even if the question of whether Black river is navigable or non-navigable were one of fact for the jury, the burden of showing that it was navigable would be on the defendant. 29 Cyc. 293; McKinney v. Northcutt, 114 Mo. App. 146, 89 S. W. 165; Gould on Waters (Third Ed.), sec. 112. (b) This question having been submitted to the jury on conflicting evidence, the finding cannot now be disturbed. Flynn v. Burgess et al., 259 S. W. 147; Dilworth et al. v. Buchanan, 260 S. W. 279; Langley v. Federal Land Co., 261 S. W. 688. (c) An appellate court does not weigh the evidence. Milzark v. National Biscuit Co., 259 S. W. 832. (3) (a) The action of trespass is given for an injury to the property itself, rather than for an injury to some person's right therein. 38 Cyc. 1004. (b) The gist of trespass is the injury to possession.

38 Cyc. 1005; Cox v. Baker, 81 Mo. App. 181; Masterson v. West-End Narrow-Gauge R. Co., 5 Mo. App. 575. (c)   Possession unsupported by evidence of title is sufficient to maintain trespass against a wrongdoer.   Russell v. Thorn, 1 Mo. 390; Richardson v. Murrill, 7 Mo. 333; Watts v. Loomis, 81 Mo. 236.   (d)   Where actual possession is shown title is not material.   Title is of importance only where it is necessary to show constructive possession.  38 Cyc. 1005; Brown v. Hartzell, 87 Mo. 564. In the case at bar defendant under a general denial merely, by attempting to prove (in the face of judicial knowledge to the contrary) that Black river was, at a point about four miles up stream from Poplar Bluff, a navigable river, that the possession of the bed of the river was in the United States.  In a case where by a special plea it was attempted to set up title in the United States, it was held that inasmuch as possession, without title, was sufficient to maintain the action of trespass, the special plea was bad.  Richardson v. Murrill, et al., 7 Mo. 333. The right to maintain trespass rests upon possession, and the defendant cannot show a want of title in the plaintiff as a defense, except he show a better right to the possession in himself.  Reed v. Price, 30 Mo. 442. The owner's possession of a part of a tract of land not otherwise actually occupied extends to the whole tract. 38 Cyc. 1013, and cases therecited.   Trespass *quære clausum* lies for an entry on lands covered with water. 38 Cyc. 1028; Paul v. Hazelton, 37 N. J. L. 106; Mitchell v. Bridges, 113 N. C. 63, 18 S. E. 91; Smith v. Ingram, 29 N. C. 175.   (4)   (a)   Instruction No. 1 submits the proper measure of damages.   13 Cyc. 170; Spencer v. Vance, 57 Mo. 427; Carter v. Fenland, 17 Mo. 383.   (b) The proof shows that plaintiff was in possession of the land; that when the defendant started to take the gravel plaintiff notified it to desist; that it promised settlement; continued to take the gravel and after it had taken a great amount and had ceased to take more, then for the first time it questioned plaintiff's rights and refused pay-

ment. These facts are not denied by defendant. "The value added to a chattel by the labor or expenditure of defendant will not be recoverable, unless he enhanced the value with knowledge of the owner's rights and in defiance thereof. The amount recoverable in trover for logs or crops wrongfully converted depends upon the innocency of defendant, be he the original wrongdoer or his vendee. If defendant acted under a mistake or a *bona-fide* claim of right he will be liable, in some states, for the value of the crops or trees as they stood immediately prior to the cutting; in other states, for the value immediately after the cutting, when the conversion is deemed complete; and in still others for the enhanced value. But if the trespass was a wilful one no deduction will be made for the value of defendant's labor or expenditures. 38 Cyc. 2100, and cases there cited; Austin v. Huntsville Coal & Mining Co., 72 Mo. 547; U. S. v. Mills, 9 Fed. 684. (5) The interrupted remark of counsel for plaintiff could not have biased the jury and is not reversible error. Williams v. Springfield Gas and Electric Co., 274 Mo. 1, 202 S. W. 1; Wagoner v. Gilsonite Const. Co., 220 S. W. 890. (6) Under Const., art. 6, sec. 12, giving the Supreme Court appellate jurisdiction in matters involving the title to real estate, it is not sufficient to confer jurisdiction, that the title to real estate may be collaterally or incidentally involved, or that the court may be compelled to consider it in order to reach a decision on the questions actually up for judgment. Schroer v. Brooks, 200 S. W. 1068, and cases there cited; Stough v. Steelville, E. & P. Co., 217 S. W. 515; Handlan v. Stifel et al., 219 S. W. 616; Sikes et al. v. Turner et al., 242 S. W. 940.

BRADLEY, J.—This is an action to recover for some gravel alleged to have been wrongfully taken from the bed of Black river. The cause was tried before the court and a jury, and resulted in a verdict and judgment for plaintiff and defendant appealed.

Plaintiff alleged that he was the owner and in the possession of the following described land in Butler county, to-wit: all of lot 7 in section 36, township 25 north, range 6 east, containing 26 and 58/100 acres; that said land bordered on Black river and formed a part of the bed and banks of said stream. Plaintiff further alleged that between June 1st and October 1, 1921 "defendant wholly without right or authority wrongfully took and carried away two thousand yards of gravel, theretofore lying and being on and comprising a part of said described lands, and wrongfully and without right or authority converted the same to its own use, which said gravel so taken and converted was and is of the reasonable value of fifty cents per yard," etc. The answer is a general denial.

Defendant contends (1) that the petition is fatally defective; (2) that Black river at the point where the gravel was obtained is a navigable stream in the full and complete sense; (3) that error was committed in giving and refusing instructions; and (4) that counsel exceeded legitimate bounds in argument. Plaintiff's cause is primarily bottomed on the proposition that Black river is not a navigable stream in the broad sense, and to the extent of limiting plaintiff's ownership at the low water mark. Plaintiff did not allege that Black river was not a navigable stream. Defendant filed no demurrer, but interposed an objection to the introduction of evidence on the ground that the petition did not allege facts sufficient to constitute a cause of action. After verdict, absent any challenge except an *ore tenus* demurrer, every reasonable intendment will be indulged in favor of the sufficiency of the petition, and where omitted allegations may be implied from allegations made in the petition, then the defect of omission is cured after verdict. [Powell v. Rawson Land Co., 221 S. W. (Mo. App.) 765; Shaler v. Van Wormer, 38 Mo. 386; Keaton v. Keaton, 74 Mo. App. 174; Wisecarver v. Ins. Co., 137 Mo. App. 227, 117 S. W. 698; Peoples Bank v. Scalzo,

127 Mo. 164, 29 S. W. 1032; Robinson v. Levy, 217 Mo. 498, 117 S. W. 577; Reineman v. Larkin, 222 Mo. 157, 121 S. W. 307; Vaughn v. May, 274 S. W. (Mo. App.) 969.] Plaintiff alleges that defendant "wholly without right or authority wrongfully took and carried away 2000 yards of gravel . . . comprising a part of said described lands and wrongfully and without right or authority converted the same to its own use." If Black river is a navigable stream to the extent as contended by defendant then defendant could not have acted wrongfully in the manner charged so far as plaintiff's rights were concerned. The demurrer admits that defendant acted wrongfully as charged, hence the allegation that Black river is not a navigable stream may be implied from the allegations made. We think the petition good against an *ore tenus* demurrer.

Is Black river a navigable stream in the broad sense along by plaintiff's land? At Poplar Bluff there is a railroad bridge across Black river generally known as and most frequently designated in the record as the "Cat" bridge. An abundance of evidence was introduced to show that Black river is a navigable stream both below and above Cat bridge. A navigable stream in the broad sense where the title to the bed is in the public "is a stream such as will permit and bear the passage of ordinary boats of commerce upon the bosom of its waters." [Hobart-Lee Tie Co. v. Grabner, 219 S. W. (Mo. App.) 975, 1. c. 977; State ex rel., Applegate et el., v. Taylor, et al., 224 Mo. 1. c. 485; 123 S. W. 892; Wright Lumber Company v. Ripley County, 270 Mo. 121, 192 S. W. 996.] The navigability in the broad sense of Black river south of the Cat bridge is not an issue here. The issue here is the navigability of Black river north of the Cat bridge, and especially along and adjacent to plaintiff's lands. The question of the navigability of small rivers is discussed at length in the last above cited case, and we could not add to the clarity of the law by a discussion of the question here. Neither do we think

that that a detailed statement of the evidence is at all necessary. We may say however that there is no evidence of a substantial nature tending to show that Black river along and adjacent to plaintiff's lands is a navigable stream in the broad sense and to the extent that the title to its bed is in the general public. We will take judicial notice of the fact that such is not the case. [State ex rel. Applegate v. Taylor, et al., supra; Hobart-Lee Tie Co. v. Grabner, supra; Wright Lumber Company v. Ripley County, supra; Weller v. Lumber Co., 176 Mo. App. 243, 161 S. W. 855; Northcutt v. Lumber Company, 187 Mo. App. 386, 173 S. W. 15; Slovensky et al. v. O'Reilly et al., 233 S. W. (Mo. Sup.) 478.] Black river at the point in question is no more than a public highway upon which the public have certain rights, which we considered in Hobart-Lee Tie Co. v. Grabner, supra, and which has been considered in a great number of cases in this State; but certainly Black river at the place in question is not such a stream "as will permit and bear the passage of ordinary boats of commerce upon the bosom of its waters."

Defendant makes the point that plaintiff failed to establish that he owned the land described in his petition, and that recovery cannot therefore, be had. Plaintiff did not show an unbroken chain of title from the Government down to him, but he did introduce muniments of title showing that he has at least a shadow of title, and also he showed that he was in possession and had been for several years. Possession alone is sufficient to maintain an action of trespass as against a stranger. [Watts et al. v. Loomis et al., 81 Mo. 236.]

The instructions given for plaintiff and defendant covered the issues, and there is no just ground for complaint. Defendant got all that it was entitled to in the instructions, and perhaps more.

There is no merit to the assignment based on the alleged improper argument of counsel. Plaintiff's counsel stated to the jury that the plaintiff was a farmer

"just like many of you gentlemen and on the other hand you have a legal fiction, a corporation."—At this point an objection was made to an attempt "to arraign the defendant for being a corporation, and I ask to have the jury instructed to disregard that argument." Thereupon the following occurred: "COURT: I didn't understand counsel to mean there would be a different law for a corporation to what there would be for an individual and of course, that isn't the law. I am sure that counsel has not meant that.

MR. PHILLIP: It is improper for the reason he is trying to prejudice the jury by saying the plaintiff is a farmer just like them on one side of the case and a corporation on the other.

MR. MULLOY: Well, I will take it all back and make apology and start again.

MR. PHILLIPS: I except to the failure of the court to instruct the jury to disregard the statement of counsel for the plaintiff."

We do not think that any harm or prejudice came to defendant because of the remarks complained of.

We have gone carefully through this record, and we find no error of substance. The judgment should be affirmed, and it is so ordered. *Cox, P. J.,* and *Bailey, J.,* concur.