See v. Mallonee.

## SEE, Respondent, v. MALLONEE et al., Appellants.

St. Louis Court of Appeals, October 18, 1904.

1. **STATUTE OF FRAUDS: Executed Contract.** An oral contract for the sale of land which has been completely executed is not within the statute of frauds.

2. **EVIDENCE: Consideration: Parol Testimony.** It is competent to show the real consideration for a conveyance of land by oral testimony which contradicts the recited consideration, unless the effect of the evidence is to destroy the deed by showing there was no consideration for it, or that the consideration was a good instead of a valuable one, or unless the named consideration is stated in such a manner as to show the parties intended it to be an essential term of the written instrument.

3. ——: ——: ——: In an action for the balance of the purchase price of a tract of land, it is competent to show by parol evidence, in contradiction of the recited consideration, that the price was to be so much per acre, and that the actual survey showed a larger quantity than the amount estimated.

4. ——: ——: Vendor and Vendee: Description. A recital of the number of acres in a conveyance without words manifesting a purpose to make it controlling, yields to the description

by metes and bounds, or subdivisions, and does not stand in the way of letting in proof of the true acreage in order to establish the true considerattion.

Appeal from Montgomery Circuit Court.—*Hon. H. W. Johnson,* Judge.

AFFIRMED.

*James F. Ball* and *Claude R. Ball* for appellants.

*J. D. Barnett* for respondent.

GOODE, J.—Action for a balance alleged to be due on the purchase price of a farm. Verdict and judgment for plaintiff for $348.80, less a counterclaim of $140, which requires no notice in disposing of this appeal.

The undisputed facts are that plaintiff owned a farm in Montgomery county containing about 375 acres. The defendants bought part of it estimated to be 315 acres. When the deed was delivered they paid all the purchase price except $133.33, which sum was withheld on an understanding that the land purchased was to be surveyed, and if it proved to be less than 315 acres, defendants were only to pay for what land they actually got. It was thought the several tracts purchased did not exceed 312 acres. The total price was fixed at $14,-000, on the supposition that there were 315 acres, or $44.44 per acre, and the sum withheld represented the price of three acres. This conclusively shows that in the contract that was carried out, the farm was sold by the acre. The survey of the land, which occurred several months after the delivery of the deed, showed there were 319.82 acres, so that the real quantity exceeded the supposed quantity by 4.82 acres instead of falling short. The original contract of sale was between plaintiff and Corey Mallonee and was put into the form of a written instrument dated September 26, 1902. Said instrument describes the different tracts

and states the consideration to be $14,000, of which
$1,000 was to be paid at the signing of the agreement,
and the balance upon the execution and delivery of a
warranty deed. See was to furnish an abstract show-
ing the fee simple title in him clear of incumbrances.
Such is the substance of the original contract of sale.
The instrument in which it was embodied stated the
consideration of $14,000 as an ingredient of the contract.
By some kind of an arrangement between Corey Mal-
lonee and A. M. Mallonee, the latter became interested
in the purchase, and by direction of those parties the
deed to the land, which was executed February 24, 1903,
named both of them as grantees and stated that an un-
divided one-half interest was conveyed to each. That
deed, besides a covenant of general warranty, contained
covenants of indefeasible seizin, of good right to convey
and against incumbrances, and was in the common form
of deeds of that variety. We quote the consideration
clause because it is involved in the main proposition re-
lied on by the defendants:

"This indenture made on the twenty-fourth day
of February, A. D., one thousand nine hundred and
three, by and between George W. See (a single man),
of Montgomery county, Missouri, party of the first part,
and A. M. Mallonee and Corey Mallonee of the county
of Guthrie, in the State of Iowa, parties of the second
part,

"Witnesseth, that the said party of the first part,
in consideration of the sum of fourteen thousand dol-
lars, to him paid by the said parties of the second part,
the receipt of which is hereby acknowledged, does by
these presents grant, bargain and sell, convey and con-
firm unto the said parties of the second part, etc."

Corey Mallonee and See had an understanding
from the first that See should be paid for any excess of
land, above 315 acres; though if the original written
agreement had been carried into effect perhaps this
could not have been shown, because that instrument

stated the named consideration as an essential term of it.

The disputed facts are these: See testified that in the latter part of February or early in March, A. M. Mallonee came to Montgomery county from Iowa, where both defendants resided, and an oral agreement was then entered into between him and said Mallonee, representing both of the purchasers, that the written contract for the sale of the land theretofore made between See and Corey Mallonee should be abrogated, and in lieu of it the land should be sold to A. M. Mallonee and Corey Mallonee at $44.44 an acre; that it should be surveyed and the actual quantity paid for. The understanding was clear and positive that if there were fewer than 315 acres the Mallonees should have a deduction from the agreed price of $14,000, and if there were more See should receive a corresponding addition to the agreed price, which was fixed on the assumption that the tract sold contained 315 acres, neither more nor less. The understanding appears to have contemplated a survey forthwith; but the county surveyor was busy at the time and could not do the work until June. It was necessary for the Mallonees to get the deed immediately so they might give a deed of trust on the land to raise some money, and, therefore, See executed the deed on the date stated, with the understanding we have related in regard to the survey and the change in the price of the land it might work. Meanwhile, as said above, $133.33 was withheld by the Mallonees. It was on this verbal agreement as testified to by See and corroborated to some extent by other evidence, that this action is founded.

The petition alleges that the original written contract between Corey Mallonee and the plaintiff was set aside with the consent and at the instance of said Corey and said new arrangement made between the plaintiff and the two defendants. It was conceded by plaintiff's counsel at the trial and ruled by the court, that unless

a subsequent agreement abrogating the first one was established, the action would not lie, for the reason that See himself swore it was agreed between him and Corey, prior to the signing of the original contract of sale, that any excess of land must be paid for; hence, that oral stipulation was lost from the first agreement because not embodied in the writing which purported to set forth the contract. Tracy v. Union Iron Works, 104 Mo. 193, 16 S. W. 203.

Without setting out the instructions given it is sufficient to say the theory of all of them was that said original contract must have been superseded by a later one, to authorize a verdict for the plaintiff.

A written contract may be abrogated by a subsequent verbal one entered into between the same parties. Wharton v. Foundry Co., 1 Mo. App. 577. This general proposition of law is not questioned by defendant's counsel, but several objections are raised to its controlling the present case. One objection is that the verbal contract asserted by See was for the sale of the land and ineffectual because of the statute of frauds. The answer to this is that it was completely executed by See giving a warranty deed and putting the defendants in possession of the land bought by them. McConnell v. Brayner, 63 Mo. 461; Bless v. Jenkins, 129 Mo. 647, 31 S. W. 938. This action is, therefore, on a contract which the statute of frauds does not impair and is nothing but an ordinary action to recover a balance of the price of land. Several cases will be cited below which hold the remedy lies.

The proposition chiefly relied on for a reversal of the judgment is that if a verbal agreement was made between See and A. M. Mallonee before the deed was executed, it was superseded by or merged in the deed and as this instrument states the consideration to be $14,000, the statement can not be contradicted by oral testimony, because to do so would violate the rule against varying and contradicting written instruments

by verbal evidence. Perhaps the admission of verbal evidence does, in point of fact, contravene the rule; but by legal fiction, which is one mode by which the law accomplishes transitions from unsatisfactory rules to better ones, it does not. The consideration clause in the deed from See to the Mallonees, does not attempt to render the sum mentioned ($14,000) an essential term of the instrument so as to preclude contradiction or explanation by evidence *aliunde;* though this may be done, by suitable language, with respect to the consideration of an agreement as well as any other part, if the parties desire. When the consideration of a contract is stated in a written instrument in the form of a mere recital, and not as an element of the contract itself, the true consideration is open to proof by extrinsic evidence when such proof becomes material in actions on covenants or for the purchase price, and like cases; the conclusiveness of the recital going no further than to estop the grantor to deny, except when fraud is alleged, that there was any consideration at all and thereby destroy the effect of his deed. The propriety, if not the necessity, of this exception to the general rule regarding the conclusiveness of instruments, appears from the prevalent custom of constantly reciting fictitious considerations in conveyances of land. No one takes for granted that the amount stated in a deed is the price actually paid for a parcel of land. The true price may be shown in an action to recover it; as is held, we believe, in all jurisdictions except North Carolina. One text-writer says:

"It may be stated as a deduction from the current of leading authorities that, although the acknowledgment of a consideration can not be contradicted for the purpose of defeating or affecting the title conveyed, it is always competent to prove by parol what the real consideration agreed upon was, in an action for the recovery of the purchase-money or upon the covenants. The consideration stated and acknowledged in the deed,

however, is presumed to be the true value agreed to be paid, until the contrary is proved; though the amount named by the deed is only prima facie evidence of what was paid." Martindale, Conveyancing, sec. 79.

A standard treatise on the law of real property has this text:

"It is competent to prove by parol what the real consideration to be paid was, and to show that the same, or some part of it, remains unpaid, though not thereby to impeach the title conveyed by the deed. . . . The vendor may recover, if the purchaser, on demand made for the deed, refuses to deliver it, or puts it out of his power to do so by conveying the land to a third party. And assumpsit may lie to recover back a part of the consideration paid (and the receipt thereof is acknowledged by the deed of land), where there is a parol agreement of parties, at the time of delivering the deed, to repay a part if there is a deficiency in the quantity of the land sold and paid for." 3 Washburn, Real Property (6 Ed.), sec. 2281.

Another author says:

"If the land conveyed by a deed is described by boundaries, and as 'containing four acres more or less,' and the grantee pays the grantor for the land at a certain rate per acre for four acres, the grantor may show by parol evidence that the boundaries named in the deed would apply to a tract containing five acres, as well as to a tract containing four acres; he may also show by parol that he and the grantee employed a surveyor before the execution of the deed to ascertain the amount of the land, under an agreement that the price should be at a stipulated sum per acre, and that the grantee paid for the land upon the inadvertent statement of such surveyor, that the tract contained four acres, when, in fact, it contained five; and the grantor is entitled to recover for the additional acre at the stipulated rate. In accordance with this principle the grantor may show that the purchase-money has not been paid, and, in an

action to recover the purchase-money, he is not estopped by the acknowledgment on the face of the deed that the consideration has been paid." 2 Devlin, Deeds, sec. 824.

Numerous cases are cited by those writers in support of their texts, the leading one on the subject being M'Crea v. Pumort, 16 Wend. 460, in which a party to a deed was allowed to prove, against the recital of the instrument, that the consideration for it was a specified quantity of iron, instead of $5,100 in money, as the deed stated. The opinion extensively reviewed the decisions in this country and England and deduced conclusions of law in harmony with what we have stated above. Subsequently, in Murdock v. Gilchrist, 52 N. Y. 242, the same court had occasion to deal with a cause in which the vendee of land sued to recover an excess paid by him over the purchase price. The tract of land was represented, at the time of the purchase, to contain one hundred acres, but there was an oral agreement prior to the delivery of the deed, that a survey should be made and the amount of the purchase price fixed according to the number of acres found by the survey. The contention on the appeal was that this oral agreement was repugnant to the contents of the deed and inadmissible in evidence. The survey showed that the farm contained only eighty-nine acres instead of one hundred, and the vendee was allowed to recover the excess he had paid. In discussing the matter the opinion said:

"There is no ground for saying that the acceptance of the deed was inconsistent with the reservation by the parties of the right to fix the amount of the purchase-money by a subsequent survey. The statement in the deed of a consideration in gross and the recital that the land conveyed contained ninety-eight acres 'more or less' may, unexplained, justify the inference that the sale was in bulk, and not by the acre; but this is an inference of a fact collateral to the purpose of the con-

veyance and it is well settled that the consideration clause is open to explanation for any purpose except to defeat the conveyance. It was the obligation of the purchasers which was left open for adjustment when the deed was given; and although the execution and acceptance of a deed may be evidence, prima facie, of the completion of the whole contract, the presumption is, in this case, rebutted by proof of the express agreement of the parties (Wilbech v. Eaine, 16 N. Y. 532; Morris v. Whitcher, 20 Id. 41). Nor does the principle which excludes proof of a parol contemporaneous agreement, to contradict, supplement or vary a written instrument, apply to prevent a recovery in this action.''

A precisely similar decision on similar facts is Paige v. Sherman, 6 Gray 511.

That doctrine has been often enforced in this State; so often in fact that in one case the Supreme Court took occasion to say it was no longer open for debate. McConnell v. Brayner, 63 Mo. l. c. 465. Some of the decisions will be adverted to in view of the insistence of the defendants' counsel that the deed was conclusive as to the amount of the consideration to be paid.

In Dickson v. Anderson, 9 Mo. 155, it was said that the consideration recited in a deed furnishes an exception to the rule that the parties to it are estopped to deny its recitals.

In Henderson v. Henderson, 13 Mo. 151, which was an action on a covenant, the only question on the appeal was the admission of certain testimony in contradiction of the recital in the deed sued on, in respect to the consideration. The evidence in question was held inadmissible in that case, as its only purpose was to defeat the operation of the deed as the act of the grantor; but the court said: ''Where the action is such that the amount of purchase-money paid becomes material and the deed is not otherwise called in question, the majority of the American cases will be found in favor of the admissibility of such evidence.''

In Rabsuhl v. Lack, 35 Mo. 316, the plaintiff was allowed to establish by oral proof a consideration for a deed different from the one recited and to recover an excess paid by him.

In Miller v. McCoy, 50 Mo. 214, the deed recited a money consideration of $2,500 and oral proof was admitted to show that the true consideration was not money, but land in Kansas valued by the parties at that price.

In Laudman v. Ingram, 49 Mo. 212, the plaintiff paid taxes on land conveyed to her by the defendant and sued on the covenant against incumbrances to recover the amount of the taxes paid. The defense interposed was that it was part of the consideration that she, as vendee, should pay those taxes, and this was offered to be shown by oral testimony, which the trial court excluded. The contention was put forward in support of the ruling that the deed to the plaintiff stated its consideration and an additional consideration could not be proved by evidence *aliunde*. Commenting on this argument, the court said:

"We know the general rule to be that all stipulations and declarations anterior to and contemporaneous with a written agreement are merged in the writing and can not be proved by parol. (See Gooch v. Connor, 8 Mo. 394.) But the exception, if it be an exception, is equally as well established, that one may, by parol evidence, prove additional considerations not inconsistent with those recited in the deed. That is what the defendant undertook to do in this case. It was part of the consideration or purchase-money that the plaintiffs were to pay the existing taxes, and if the defendant himself had paid them in discharge of his covenant, he might have recovered them back as the unpaid portion of the purchase-money, and proved his case by parol evidence. The plaintiffs, therefore, in paying these taxes only paid the balance of the purchase-money due to the defendant. (See Brackett v. Evans, 1 Cush. 79;

Preble v. Baldwin, 6 Cush. 549.) The court therefore erred in rejecting the parol evidence offered to establish this defense. So far as we can see the plaintiff, Laudman, was a competent witness.''

The judgment was reversed because the parol defense had been excluded.

In Aull Sav. Bank v. Aull, 80 Mo. 199, oral proof was admitted to show that it was part of the consideration for the conveyance of a house and lot, that the grantor's agent should occupy desk room in the building in winding up the grantor's business; though no such consideration was stated in the conveyance and a money consideration was stated.

In Dobyns v. Rice, 22 Mo. App. 448, it is said to be settled law in this State that it is competent to explain or to contradict the consideration clause in a deed, as such clause has only the force and character of a receipt:

In Holt v. Holt, 57 Mo. App. 272, it was ruled that a grantor who had sold a farm for a consideration recited in the deed to be $3,000, might show that it was part of the consideration that one-half of the wheat crop growing on the farm at the time of the sale, was to be threshed by the defendant and delivered to the plaintiff. The court said:

''The defendant further contends that the deed offered in evidence is conclusively presumed to include the whole contract between the parties thereto. While this contention may be conceded to the defendant, it is, nevertheless, true that, in a deed like that in this case, where there is a mere statement of a certain amount of money, without more, as the consideration, it is but an inattentive recital, common in conveyancing, of a consideration in most general use, which forms no part of the contract. The statement of the amount of the consideration in a deed, and the acknowledgment of its payment is no more than a receipt—a statement of a fact which is not necessary to the validity of the deed.

It is only prima facie evidence of what it states, but not conclusive, except that there was some consideration. Such a received consideration is not intended to be contractual, and therefore works no estoppel as to amount or character; or, in other words, the parties in such case are not estopped from showing by parol evidence the amount and character of the consideration to be different from that recited in the deed.''

The same doctrine is maintained in Jackson v. Railroad, 54 Mo. App. 636; Hollocher v. Hollocher, 62 Mo. 267; Baile v. Ins. Co., 73 Mo. 371; Altringer v. Capeheart, 68 Mo. 441; Hunleth v. Leahy, 146 Mo. l. c. 417, 48 S. W. 459; and perhaps in other cases.

It is thus apparent from a uniform line of decisions in this State from its earliest days, that it is competent to show the real consideration for a conveyance of land by oral testimony which contradicts the recited consideration, unless the effect of the evidence is to destroy the deed by showing there was no consideration for it, or that the consideration was a good instead of a valuable one, or, unless the named consideration is stated in such a manner as to show the parties intended it to be an essential term of the written instrument.

Some emphasis is laid on the fact that See's deed recites that the tract conveyed contained three hundred and fifteen acres; and defendants' counsel would have us hold said recital to be conclusive as to the quantity of land sold. The recital is made in connection with the description of the different tracts and there is nothing in the deed to show the parties intended it to be a covenant concerning the quantity of land. Such a recital of acres without words manifesting a purpose to make it controlling, yields to the description by metes and bounds, or subdivisions. 2 Devlin, sec. 1044; Woods v. Johnson, 66 Mo. 662. The recital does not stand in the way of letting in proof of the true acreage in order to establish the true consideration in accordance with the agreement of the parties.

It may be remarked further that the position of the defendants that the deed from See to the Mallonees is conclusive as to the price of the land, is opposed to the conceded fact that defendant retained part of the purchase-money on the assumption that there might be less land than was stated in the deed, in which case they were to have a deduction from the consideration mentioned.

The point is made that evidence is lacking to prove Corey Mallonee assented to the abrogation of the original written agreement between him and See and substitution of the verbal arrangement made between See and A. M. Mallonee. Corey Mallonee accepted a deed to himself and his brother, conveying to each an undivided half interest in the land, which was inconsistent with the first arrangement. He accepted, too, that part of the verbal agreement between A. M. Mallonee and See by which the former leased forty acres of the land to See after the sale was made and now he sues for the rent of that land by way of counterclaim. There was abundant evidence that Corey was a party to the agreement made by A. M. Mallonee and nothing even tending to show that he stood on his original contract.

The case was one for the jury on the issues of fact, the evidence of the oral agreement was competent and the instructions submitted the matter in a satisfactory manner.

The judgment is affirmed. All concur.