## THE STATE ex rel. METROPOLITAN LIFE INSURANCE COMPANY v. WILLIAM H. ALLEN et al., Judges of St. Louis Court of Appeals.

### Division Two, October 6, 1925.

1. **CERTIORARI: To Court of Appeals: Jurisdiction.** The jurisdiction of this court to review by *certiorari* a decision of a court of appeals extends only to cases in which conflicts are alleged to exist between its opinion and a decision of this court.

2. ————: ————: **Action on Life Insurance Policy: Misrepresentations: Sufficient Plea.** In an action on a life insurance policy, an answer which pleads misrepresentations by the insured in his application for the policy, setting them out in full and stating that the defendant, relying upon and believing them to be true and correct, issued the policy, and that the death of the insured was caused by a disease which he had at the time and falsely represented that he had never had, is sufficient, and states a complete defense; and the Court of Appeals in holding that the plea was insufficient because it did not contain a further averment that the misrepresentations were a fraud and wilfully made for the purpose of defrauding the defendant, contravened the decisions of this court in Carter v. Metro. Life Ins. Co., 275 Mo. 84; Pac. Life Ins. Co. v. Glaser, 245 Mo. 377, and other cases.

3. **FRAUD: Pleading.** In pleading fraud, whether affirmatively or defensively, it is not necessary that the term "fraud" be used if facts are stated which show fraud to be the legal conclusion.

4. ————: **Life Insurance: Misrepresentations: Material: Wilful: Pleading.** If the false statements made by the insured in his application for a life policy were voluntarily made, were not known to the company to be false, and induced the company to issue the policy, they were wilfully made and were fraudulent; and if they constituted a part of the contract they were material, and avoided the policy.

---

Corpus Juris-Cyc. References: Courts, 15 C. J., Section 511, p. 1079, n. 42. Fraud, 26 C. J., Section 1, p. 1059, n. 2. Insurance, 32 C. J., Section 493, p. 1273, n. 41. Life Insurance, 37 C. J., Section 177, p. 454, n. 78; Section 400, p. 610, n. 41. Pleading, 31 Cyc. p. 48, n. 61.

*Certiorari.*

Opinion of Court of Appeals quashed.

*Fordyce, Holliday & White, Walter R.. Wayne* and *Bennett C. Clark* for relator.; *William J. Tully* of counsel.

(1) The Court of Appeals decision, holding that actual fraud or corrupt motive is essential to the defense of misrepresentation made to a suit on a contract of life insurance, is in conflict with the statute, as interpreted by decisions of this court, and contravenes said decisions. R. S. 1919, sec. 6142; Kern v. Supreme Council, 167 Mo. 487; Pac. Mut. Ins. Co. v. Glaser, 245 Mo. 386; Carter v. Met. Ins. Co., 275 Mo. 91. (a) The statute applies alike to warranties and representations and draws no distinction between innocent and fraudulent misrepresentations. Bruck v. Ins. Co., 194 Mo. App. 537. (b) A representation of a fact may be false or untrue through mistake, ignorance or negligence, in which case, if it induces the risk which the assurer would not otherwise have taken, it is material. Actual fraud is not in such case a material factor. 3 Joyce, Insurance, sec. 1902. (2) The Court of Appeals' decision in in conflict with the several statutes which prohibit reversing a judgment for errors or defects in pleadings or instructions, and contravenes decisions of this court interpreting and construing the same. R. S. 1919, secs. 1276, 1513, and 1550, clauses 5, 8 and 9; Grohman v. Maccabees, 237 S. W. 878; National Bank v. Security Ins. Co., 283 Mo. 352; Moloney v. Boatmen's Bank, 288 Mo. 458.

*James J. O'Donohoe* for respondents.

(1) The opinion of the Court of Appeals holding that actual fraud or corrupt motive is essential to the defense of misrepresentations made to an action on a contract of life insurance is not in conflict with the statute as construed by the decisions of this court. Pac.

Mut. Ins. Co. v. Glaser, 245 Mo. 377; Melville v. Business Men's Assur. Co., 253 S. W. 68, 259 S. W. 77; Caldwell v. Ins. Co., 245 S. W. 602; Met. Ins. Co. v. Mitchell,
72 Ill. App. 628, affirmed 175 Ill. 322; Prudential Ins.
Co. v. Sellers, 54 Ind. 326; Ins. Co. v. Ford, 126 Ky. 49;
3 Cooley, p. 1956 (f); 6 Cooley, p. 642; Goucher v. N.
T. Men's Assn., 20 Fed. 598; Fidelity M. L. Assn. v.
Jeffords, 107 Fed. 402; Owens v. Ins. Co., 94 N. J. L.
770. (2) The decision of the Court of Appeals is not
in conflict with the several statutes and decisions cited
by relator. Neither the statutes nor decisions there
cited have any bearing on this case, for reasons, amongst
which is the question that a petition which states no
cause of action or an answer which states no defense may
be raised for the first time on appeal. Wolf v. Harris,
267 Mo. 405; Luck Const. Co. v. Railway, 200 Mo. App.
450.

WALKER, P. J.—This is an application in *certiorari* asking this court to quash the record of the St.
Louis Court of Appeals in the case of Hattie Simpson,
plaintiff, v. Metropolitan Life Insurance Company, defendant, in which, after a trial to a jury, a judgment was
rendered in favor of the defendant on an insurance policy issued by the defendant on the life of the plaintiff's
husband. This judgment was reversed and remanded
by the Court of Appeals. The validity of the Court of
Appeals' ruling is assailed on the ground of an alleged
conflict of same with decisions of the Supreme Court.

The limitations of our right of review in cases of
this character are either ignored or are misunderstood
by the relator. As we have repeatedly said, our jurisdiction in *certiorari,* so far as concerns the rulings of the
Courts of Appeals, extends under the plain terms of the
Constitution, only to cases in which conflicts of opinions
are alleged to exist between the rulings of the Courts
of Appeals and those of this court. It is futile, therefore, to cite in support of an application for this writ
the rulings of the Courts of Appeals or those of other

jurisdictions or our own statutes, unless the latter have been construed by a Court of Appeals contrary to the construction given to them by the Supreme Court.

The grounds of conflict in the case at bar stated generally, consist of a ruling of the Court of Appeals concerning the nature and effect of misrepresentations alleged to have been made by the applicant for insurance and the manner in which the same should be pleaded. The answer of the defendant, as set forth in the Court of Appeals opinion, so far as the same pleads misrepresentations, is that the insured, in reply to inquiries propounded to him by the medical examiner, stated that he was in sound health; that he had not been suffering from the disease of diabetes; that he had not been attended by a physician and had not been under the case of any physician within two years before the date of said application; that he had not been under treatment in any dispensary or hospital or an inmate of any institution; that he had never met with any serious personal injury, nor had he ever been seriously ill; that the defendant, relying upon the truthfulness of said statements and believing the same to be true and correct, issued its policy of insurance whereby it insured the applicant for the amount stated therein in favor of the plaintiff; that said policy was obtained by misrepresentations which were material in that the applicant at the time he was examined and made said statements was then suffering from diabetes and had so suffered for a long time prior thereto; that he had been under the care of a physician and was not in sound health on the date of said application; that had the defendant been aware of the falsity of said statements and answers made by the applicant to the medical examiner, it would not have issued its policy of insurance as aforesaid; that the death of the insured was caused by the disease of diabetes from which he was suffering when he made the application for the policy.

The Court of Appeals held "that the answer contained no averment concerning the misrepresentations of

the insured, other than that they were untrue; that it is not alleged that these untrue answers were wilfully made by the insured for the purpose of defrauding the company, either in the words above stated, or in equivalent language; that the word 'fraud' is not used, nor any words charging the same. In short, that the answer is defective, although it states that the representations made were in regard to a material matter, in not averring that the statements were wilfully and knowingly made for a fraudulent or a corrupt motive by the insured; and the respondent—the relator here—does not seek to avoid this difficulty by asking the Court of Appeals to construe the answer with favorable intendments to comprehend such an allegation; that the defense is that under the statute (Sec. 6142, R. S. 1919) it does not matter whether the false representations were made in bad faith or for the purpose of deceiving the insurer if they relate to a material matter touching the risk; that under the terms of the policy a distinction is drawn between innocent and fraudulent representations, in that it provides, in the absence of fraud, that the statements of the insured shall be deemed representations and not warranties and that no such statement shall avoid the policy, unless it is contained in the written application therefor; that warranties with the exceptions provided are abolished by this policy.'' Thus reasoning the Court of Appeals held that the answer pleaded no de-defense.

Section 6142, supra, is as follows: ''No misrepresentation made in obtaining or securing a policy of insurance on the life or lives of any person or persons, citizens of this State, shall be deemed material, or render the policy void, unless the matter misrepresented shall have actually contributed to the contingency or event on which the policy is to become due and payable, and whether it so contributed in any case shall be a question for the jury.''

I.   Measured by our own rulings, did the answer
state a defense? In the determination of this question
we need not cavil concerning the technical question as
to whether, under our rules of pleading, the answer
contains all of the essential averments neces-
Fraud.      sary to a defensive plea of fraud; it does aver
that the representations by the insured were false and
that they contributed to the issuance of the policy; that
they were material; that their truth was believed in
and relied upon by the company in entering into the
contract with the insured; that it would not have issued
the policy had it known the real facts in regard to the
condition of the health of the insured at the time.

Despite the difficulty encountered in defining fraud
it will suffice for the facts under review, to say that it
is an intentional perversion of the truth for the purpose
of inducing another in reliance upon it to part with some-
thing of value; or what is more to the point a false rep-
resentation of a matter of fact which deceives or is in-
tended to deceive another to his legal injury. [State ex
rel. Williams v. Purl, 228 Mo. l. c. 22.] In pleading
fraud, whether affirmatively or defensively, it is not
necessary that the term fraud be used if facts are a-
verred which show it to be a conclusion of law. The prime
requisite of the pleading is that it state specific facts
which constitute the false representations. [Bradbury
v. Smith, 181 S. W. (Mo.) l. c. 423; Smith v. Sims, 77 Mo.
269.] Whether, therefore, the false statements of the
insured be regarded as an actual fraud, made with the
intention of deceiving the medical examiner; or a legal
fraud, which consists of a misstatement of a matter with-
in the personal knowledge of the insured or of such a
character that the insurer must have regarded it as
within the personal knowledge of the former, it con-
stitutes, whether it be one or other, such a false rep-
resentation as should be held to avoid the policy.

The opinion in Kern v. Legion of Honor, 167 Mo.
471, and other cases cited by the Court of Appeals, hold
no more as to the requirements of a pleading of the

character here under review, than we have stated, viz.: that where a false statement or an answer to a required inquiry was made, which contributed to the contingency on which the policy was to become due and payable, to render it a defense, it must be pleaded.

II.   The policy having been procured through the false statements of the insured, a fact which stands out brazenly in this record, is it to be held, in order to interpose a defense, that where all of the facts show the knowledge and the purpose of the insured that it is necessary to the sufficiency of the answer that it be alleged that the potent word "fraud" appear in the answer and that it should be charged "that the false statements of the insured were wilfully made for the purpose of defrauding the company?"

That the false statements were voluntarily made there is no room for controversy; if voluntarily made they were wilfully made.   That they were fraudulently made to secure the issuance of the policy, is equally apparent.   These conclusions are not the result of implication, but must of necessity follow from the very nature of the false statements and their evident purpose.   The omitted phrase, therefore, upon which the Court of Appeals bases its holding as to the sufficiency of the answer, if inserted, would simply be a redundancy, in that it would not have aided the material defensive averments; nor would it have given the plaintiff any information not already afforded by the answer.   Pleading empty phrases serves no required purpose in any legal proceeding.   This case, phrase the facts as you may, bristles with fraud.   The false statements which, unknown to the defendant, induced the issuance of the policy, were contained in and constituted a material part of the written application made therefor by the insured.   In the presence of fraud in the procurement of this policy the distinctive differences between representations and warranties as defined in the contract between the insured and the company need not concern us.   However, the

false statements being material and having been incorporated into the written application for the policy, they may be classified as warranties, to the extent, at least, that the insured warranted them to be true as a necessary condition to the procuring of the policy. [Pac. Mut. Ins. Co. v. Glaser, 245 Mo. 377; Carter v. Met. Ins. Co., 275 Mo. 84.] This classification is further authorized under Section 6142, supra, in that the matter falsely represented ''actually contributed to the contingency or event on which the policy was to become due and payable.''

III. If it be necessary to so affirmatively plead, enough appears from the Court of Appeals opinion to show that the false representations of the insured which induced the defendant to issue the policy were incorporated in and made a part of the application. Forming as they did a part of the contract, it would not have been complete without them.

IV. In Carter v. Ins. Co., 275 Mo. l. c. 91, we discussed the words necessary to be employed in defining the materiality of false representations referred to in the statute which, in themselves, will enable the character of such false representations to be determined. ''The section (6142, supra) prescribes that only such misrepresentations are material as contribute to the death of the insured; one which so contributes must be such an one, which, if it had not been made, the policy would not have been issued. To illustrate, the applicant answers falsely in regard to never having had a certain disease and that he is then in sound health. He dies soon thereafter of this disease. If he had answered truly, the issuance of the policy would have been precluded. False answers to any other material inquiries would have had a like effect in that they would have rendered the applicant an uninsurable risk. This but tends to emphasize the fact that the right of the insured to the policy is determined by his examination, and to such misrep-

resentations, therefore, as are made therein, the section must necessarily have reference. What is meant by the section, in other words, is that no false statement made in the application for the policy shall avoid the same unless such statement concealed a condition which contributed to the death of the insured.''

The answer met the requirements of the statute as construed in the Carter, Bradbury and Smith cases, supra. In ruling to the contrary the Court of Appeals contravened these cases and its record should be quashed. It is so ordered. All concur.