R. F. FINLEY v. J. M. WILLIAMS and MARGARETTE WILLIAMS, Appellants.—29 S. W. (2d) 103.

Division Two, June 11, 1930.

*Thomas A. Shockley* and *Lorts & Breuer* for appellants.

*Eldredge & Bell* and *Phil M. Donnelly* for respondent.

WALKER, J.—This is a suit to cancel a deed to land in Pulaski County, claimed to be owned by the plaintiff. Upon a trial before the court a judgment was rendered, setting aside the deed, from which the defendants have appealed.

The plaintiff, a bachelor, seventy-seven years of age, had lived practically all of his life on the farm, the deed to eighty acres of which it is sought to cancel. The defendants are husband and

wife, the latter being a niece of the plaintiff. In February, 1927, the plaintiff became ill and was removed to the home of the defendants for care and treatment. The plaintiff contends that during his illness and while confined to his bed the defendants brought a notary and a prepared deed from him to them, conveying the land therein described in consideration of their agreement and promise to care for and support him during the remainder of his life and to defray his funeral expenses upon his death; that relying upon these promises he made the deed; that this deed was made to the defendants as husband and wife; and upon its execution was, during his illness, filed and recorded in the Recorder's office of Pulaski County. That a short time thereafter, upon the plaintiff's partial recovery from his illness, the defendants notified him that they could not and would not care for him after the succeeding Sunday, but that they would take him to his home. The plaintiff thereupon demanded that the defendants return to him his deed, which they did, and that they execute a deed reconveying the land to him, which they refused to do. That plaintiff returned to his home and further communication between the parties ceased and the plaintiff brought this action to cancel the deed.

The defendants contend that the consideration for the making of the deed was not their promise to care for the plaintiff during the remainder of his life and pay his funeral expenses, but for twenty years' service rendered to him by Mrs. Margaret Williams, his niece, one of the defendants, not only in the care and keeping of his home, but in ministering to his personal care and comfort, for all of which services he promised to pay her, but had not done so; that when he partially recovered from his illness he demanded that he be taken to his own home and that the deed he had made to the defendants be returned to him, both of which demands were complied with; but that the plaintiff refused to pay them for their services to him during the years stated and that they declined to reconvey the land to him, whereupon this action was instituted.

I. The defendants challenge the sufficiency of the petition, although no question of this character was raised in the court below. If there is such lack of material allegations upon the face of the petition as to fail to state an issue, an interposition of an objection thereto in the first instance in this court will be timely. Otherwise not. The gravamen of the issue is a failure of consideration and fraud. The petition alleges these matters in this wise: that the deed was made by the plaintiff in consideration of the defendants' promising and agreeing to care for and support him during the remainder of his life and to pay his funeral and other necessary expenses incident thereto upon his death; that this was the sole consideration for the making of the

deed; that immediately after its having been made and delivered to the defendants and by them placed on record they notified the plaintiff that they would no longer keep and care for him and that they would return him to his own home; that in thus failing and refusing to comply with their contract they have injured and defrauded the plaintiff and that he has no remedy at law other than by this proceeding.

The literal averment of fraud in a pleading is not an essential to its validity if facts are affirmatively stated "which show that it is a conclusion of law." Viewed from this vantage the petition is not subject to obnoxious criticism. [State ex rel. Life Ins. Co. v. Allen, 310 Mo. 378, 276 S. W. 877.] This court has, under the code, been exceedingly liberal in the construction of pleadings, after verdict, "if by reasonable intendment, or by fair implication from the facts stated, . . . the essential allegations may be got at by inference." [Timmermann v. St. Louis Architectural Iron Co., 318 Mo. 421, 429, 1 S. W. (2d) 791; Ice Storage Co. v. Kuhlmann, 238 Mo. l. c. 702, 142 S. W. 253, 258.]

Where a petition, as at bar, is not attacked by demurrer after verdict it is to be liberally construed and held sufficient even if it states a cause of action defectively. This is a general rule and its application is uniform where the facts warrant. In addition, although we regard the allegations in themselves as sufficient, if the material matter had not been expressly averred in the petition but could be necessarily implied from what was stated in the context, the defect will be regarded as cured after verdict. [Grobe v. Energy etc. Co., 217 Mo. App. 342, 275 S. W. 67; Hatton v. Henman, 10 S. W. (2d) 967; Buswell v. Turner, 11 S. W. (2d) 1088; Cabool School Dist. v. U. S. Fidelity etc. Co., 9 S. W. (2d) 103.] We have even gone so far in a recent case as to hold that an issue, raised upon a statement of a legal conclusion which presents the real point in controversy, will be regarded as sufficient after verdict. [Rudd v. Rudd, 13 S. W. (2d) 1082.]

In passing, it will suffice to say that the cases cited by the defendants as counter to the rules of construction above announced are those where fraud was not alleged as it was in the instant case. A total failure of consideration having been pleaded and an allegation of fraud, whether the latter conformed to the strict rules of pleading or not, is immaterial in this case, as its defects were cured by the verdict and judgment inasmuch as the allegation was not attacked by demurrer or motion to strike. We hold, therefore, that the petition was sufficient.

II. The contention is made that the deed contains no condition subsequent and that a petition to set aside does not allege any

facts which would warrant a court of equity in canceling it, even though the defendants failed to comply with the agreement set forth in the deed. The cases cited by the defendants in support of the foregoing contention do not in any manner allege fraud or undue influence. They are, therefore, distinguishable from that class of cases of which the Putnam Co. Supp. Corp. v. Mendota Mining Co. et al., 285 S. W. 409, is a type, in which this court set aside and canceled a deed in which the plaintiff alleged and proved, as in the instant case, that there was a failure of consideration and that fraud existed. The cases cited by the defendants are inapplicable to sustain their contention in that they depend entirely upon the allegation of a failure of consideration.

Confined as is the defendants' second contention to an attack upon the sufficiency of the petition it is not necessary to consider that phase of it in which it is insisted that the allegation of fraud should have been supported by proof.

Under the facts in this case the manner in which the interests of the plaintiff might have been safeguarded as contended by the defendants is wholly inapplicable.

III. The third and fourth contentions of the defendants that when a deed is based on a consideration of care and support to be rendered by the grantee, it is error to set aside and cancel such deed where there has been a partial performance for the reason that in their answer they denied that the deed was given in consideration of a promise by them that they would care for the plaintiff as long as he lived and then set up an affirmative defense to the effect that the deed was given in consideration of past care and labor done on the part of the defendants for the plaintiff. That part of defendants' answer under which partial performance might have been shown was in these words: "although they would have and now will willingly render any helpful service to the plaintiff as they have done in the past at his request for the consideration that he frequently promised and which he paid for by the execution and delivery of said deed," was properly stricken out by the trial court on account of this allegation: "and defendants deny that they promised future services, care and attention for and to the plaintiff in consideration of said deed;" the reason for the court's action being that such a defense was inconsistent with the defense theretofore asserted by them that the deed was given for services already rendered and that proof of the one would disprove the other.

While Section 1233, Revised Statutes 1919, provides that a "defendant may set forth by answer as many defenses and counterclaims as he may have, whether they be . . . denominated

legal or equitable, or both. They must each be separately stated, in such manner that they may be intelligibly distinguished, and refer to the cause of action which they are intended to answer." Despite this statute it is a rule of universal application that where distinct and separate defenses are included in the same answer they must be consistent with each other. [Smith v. Culligan, 74 Mo. 387; Lee v. Dodd, 20 Mo. App. 271; Cohn v. Lehman, 93 Mo. 574, 6 S. W. 267; Fugate v. Pierce, 49 Mo. 441; Ledbetter v. Ledbetter, 88 Mo. 60; Vaughn v. Conran, 20 S. W. (2d) 968.] The test is whether or not the proof of one defense necessarily disproves the other. [Vaughn v. Conran, supra; Nelson v. Brodhack, 44 Mo. 599; 100 Am. Dec. 328; Keane v. Kyne, 2 Mo. App. 317; Schaefer v. Causey, 8 Mo. App. 142; Wood v. Hilbish, 23 Mo. App. 389; Atterbury v. Hendricks, 127 Mo. App. 47, 106 S. W. 111.]

Therefore, when the defendants, by their answer affirmatively set forth that the consideration for the deed was the obligations due them from the plaintiff and that they never promised to care for him the remainder of his life and the further allegation: "Although they would have and now will willingly render any helpful service to the plaintiff as they have done in the past at his request for the consideration that he frequently promised and which he paid by the execution and delivery of said deed," this defense was properly stricken out for the reason we have stated, viz; that is was inconsistent and that the proof of one averment would disprove the other.

IV. The cases cited by the defendants in support of the doctrine enunciated under their Point IV contain an important limitation or restriction overlooked by them. The doctrine laid down in these cases is as follows: "It has been very generally asserted and applied that after a partial performance by the grantee, the grantor may not abandon the same or prevent further performance upon the part of the grantee, and take advantage of such failure to secure equitable aid to cancel or rescind his deed." Thus it will readily be seen that the cases cited by defendants are cases wherein the grantor abandoned or prevented the contract from being performed on the part of the grantee and do not apply to the situation here presented where the grantees are in default and deny that they ever made a contract or agreement to care for the plaintiff for the remainder of his life. Moreover, the element of fraud enters into this case, and this alone is enough to distinguish it from those cited by the defendants.

V. The court below was correct in its ruling as to the merits of this case. The consideration of a deed is open to investigation. The clause acknowledging the payment of the purchase money is somewhat in the nature of a receipt and is subject to parol explanation. [Chambers v. Chambers, 227 Mo. 1. c. 287.]

· The consideration stated in this deed is "the sum of one dollar and other good and valuable consideration." The words, one cent, one dime and one dollar, are the technical words used to express nominal consideration. [Strong v. Whybark, 204 Mo. ·1. c. 347.] The fact that the sum of one dollar is stated as a consideration is modified by the next clause, "and other good and valuable consideration," and such clause is open to investigation and explana-· tion. In fact, the recitation of the sum of one dollar in the deed might be treated as mere surplusage in view of the clause following it.

The failure of a grantee to perform his promise, in consideration of a transfer of land, to support the grantor, may be presented as a ground for relief on behalf of the grantor as evidencing fraud in the transaction. Courts of equity have a marked tendency, owing to the usual hardships of such cases, to afford the grantor relief, particularly where he is of advanced years and without other means, and frequently proceed upon apparently all of these grounds (fraud, failure of consideration, etc.) without definitely relying upon any one of them. Further, it has been held that, if the rescission of the contract cannot be referred to any other head of equity jurisprudence, it will be proper to presume that it was made in the first instance with fraudulent intent. [18 C. J. 169.] In this case the defendants obtained the deed and soon thereafter, in fact within two weeks or a less time, refused to keep plaintiff and informed him that they were ready to take him home.

The chancellor who tried the case heard the evidence of the respective witnesses and decided the issues in favor of the plaintiff. The plaintiff testified that the deed was made in consideration of promising to take care of him, bury him and pay all expenses; that this was the "other good and valuable consideration" expressed in the deed. Defendants admit, in their answer that the one dollar recited as consideration was not the consideration for which the deed was made, but that the deed was delivered to them for a valuable consideration, and then set out the services they had performed for him and for which they alleged they had received no consideration, and that the deed was made for the purpose of adjusting already existing obligations to them. The testimony of the defendants is to the same effect. Therefore there was testimony to the effect that ·the deed was given for the consideration of defendants caring for the plaintiff, burying him and

paying all funeral expenses; and that the deed was given in consideration of the adjustment of the plaintiff's obligations to defendants for services already rendered. Hence, we are presented with a situation where the evidence supporting the defendants' contention, if believed, sustains their position; whereas, on 'the other hand, the evidence is clear that the deed was given in consideration of defendants taking care of ,the plaintiff as long as he lived. Therefore, with the evidence in conflict the credibility of the witnesses becomes the determining factor as to this point. The suit was tried as one in equity before the court *nisi*. While the whole record must come here for review in equity cases so that we may weigh and decide the same *de novo*, nevertheless, where an issue of fact rests upon the credibility of witnesses, this court will defer to the finding of the chancellor, who has many opportunities, necessarily denied to the appellate court of seeing and hearing the witnesses themselves, observing their demeanor while testifying, and of determining the weight which properly attaches to their testimony. [Keener v. Williams, 271 ,S. W. l. c. 496; Creamer v. Bivert, 214 Mo. 473, 113 S. W. 1118; Major v. Putney, 293 S. W. l. c. 82 and cases cited therein.]

No error having been committed authorizing a reversal the judgment of the trial court should be affirmed. *Blair, P. J.*, concurs; *White, J.*, concurs in result.