NORMAN SCHUMAN INTERIORS, INC., Plaintiff-Appellant,

v.

Joseph SACKS, a/k/a Joe Sacks and Jean Sacks, Defendants-Respondents.

No. 34088.

Missouri Court of Appeals, St. Louis District.

March 28, 1972.

Blumenfeld, Kalishman, Marx & Tureen, Philip G. Kaplan, St. Louis, for plaintiff-appellant.

Morris Shenker, Bernard J. Mellman, Cordell Siegel, St. Louis, for defendants-respondents.

PER CURIAM.

This is an appeal by plaintiff Norman Schuman Interiors, Inc., from a judgment of the circuit court of the City of St. Louis dismissing the action after sustaining a motion to dismiss filed by defendants.

The action was filed against Joseph Sacks and Jean Sacks in the circuit court on July 31, 1967. The petition was in two counts. Count I alleged that in March 1965 defendants engaged plaintiff to perform interior decorating and general contracting services in connection with the remodeling of their home at 5835 Lindell Boulevard in St. Louis. It was further alleged that the fee for the general contracting work would be for a nominal amount and the furniture required would be purchased from plaintiff at regular retail prices which would include compensation for plaintiff's interior decorating services; that between March 7, 1967 and April 11, 1967 plaintiff performed substantial work, labor and services, and expended sums for trips, preparation of plans and other items; and that thereafter defendants refused to purchase from plaintiff the furniture required under the agreement and thus prevented plaintiff from being compensated for his services and cash advanced, which services were reasonably worth the sum of $5,000.00, for which sum plaintiff prayed judgment.

Count II incorporated by reference each and every allegation contained in Count I. It was then alleged that plaintiff's services involved creative ideas conceived by plaintiff; that also color schemes and choice of furnishings were devised, compiled and composed by plaintiff which involved the expenditure of time, thought, talent and money; and that defendants used plaintiff's creative work without plaintiff's consent and thereby converted plaintiff's rights in and to said creative work which were of the reasonable value of $5,000.00. It was further alleged that defendants' acts were done willfully, wantonly and maliciously for which plaintiff should recover punitive damages in the sum of $25,000.00. The

prayer of Count II was for $5,000.00 actual damages and $25,00.00 punitive damages, together with costs.

On November 3, 1967 plaintiff filed an amended petition which contained three counts. The allegations in Count I were contained in six paragraphs, the first five containing allegations identical to the allegations of the original petition. In Paragraph 6 it was alleged: "6. As a result of defendants' breaches aforesaid, plaintiff has been damaged in the sum of $5,000.00, *including lost profits*." (Emphasis supplied.)

In Count II it was alleged that between March 7, 1967 and April 11, 1967 at the special instance and request of defendants, plaintiff performed substantial work, labor and services as set forth in Paragraph 3 of Count I. In Paragraph 3 of Count I it was alleged that it was agreed that the general contracting work would be performed for a nominal fee and that the furniture and furnishings required in connection with the remodeling, refurnishing and refurbishing would be purchased by defendants from plaintiff at regular retail prices which would include compensation for plaintiff's interior decorating services. In Paragraph 3 it was alleged that the reasonable value of plaintiff's services was $5,000.00. Judgment was prayed for said sum and for the costs of the action.

In Count III it was alleged that in performing his services plaintiff developed certain creative ideas, and expended substantial time, thought and money to formulate same. There was a further allegation that plaintiff believed defendants had used this creative work without plaintiff's consent, thereby converting plaintiff's right in and to said creative work. It was then alleged that $5,000.00 was the reasonable value of plaintiff's rights which were converted, and that the defendants' acts were done willfully, recklessly and maliciously. The prayer of the petition was for $5,000.00 actual, $25,000.00 punitive damages, and costs.

On December 5, 1967 defendants filed a motion to dismiss the amended petition. The grounds of said motion were that each count of the petition failed to state a cause of action, and that Count I was barred by the statute of frauds.

Defendant Joseph Sacks died January 23, 1969. Jean Sacks and St. Louis Union Trust Company were thereafter duly appointed co-executors of the estate of Joseph Sacks, and on December 30, 1969 were, on plaintiff's motion, made defendants in their representative capacity.

The motion to dismiss the amended petition was argued and submitted on September 24, 1970 and sustained by the trial court on December 11, 1970. A notice of appeal was timely filed in the trial court, and on March 19, 1971 plaintiff filed an agreed statement approved by the trial court in lieu of a transcript. The case was then set for hearing in this court, and after several extensions of time to file briefs the case was argued and submitted on October 5, 1971.

In sustaining defendants' motion to dismiss the amended petition the court necessarily ruled that the claim set out in Count I of the petition was for the sale of goods and unenforceable under the statute of frauds. [§ 400.2–201, RSMo., V.A.M.S.] Appellant, in its brief, admits that if in Count I it pleaded an agreement to sell merchandise any action thereon was barred by the statute of frauds. But appellant contends that Count I of the petition set forth a claim for breach of an express oral contract for the performance of services to be performed in less than one year, and therefore need not be in writing to be enforceable by way of action. [§ 432.010, RSMo., V.A.M.S.]

In our judgment the trial court did not err in its ruling with reference to Count I. The only reasonable construction of the averments of that part of the petition under consideration is that an agreement was entered into between the par-

ties that plaintiff would sell furniture and furnishings to remodel and refurnish the defendants' house and that defendants would pay the regular retail price for the furniture with no charge for plaintiff's services. These services were to be performed for a nominal fee, a very small sum, to be included in the price of the goods furnished. The words "would be performed for a nominal fee" are modified by the subsequent words "which would include compensation for plaintiff's interior decorating services." The recitation in the pleading with reference to a nominal fee was mere surplusage. Finley v. Williams, 325 Mo. 688, 29 S.W.2d 103, l. c. 106. A further indication that plaintiff intended Count I to be an action for breach of contract for the sale of goods is that in Paragraph 6 lost profits were alleged to be an item of damage.

Under Point II it is urged by appellant that the trial court erred in ruling that the allegations of Count II failed to state a cause of action. Count II, sounding in quantum meruit, sought recovery of the reasonable value of plaintiff's services. It was alleged that plaintiff was entitled to payment for substantial work, labor, services, and expenses for trips and other items fully set forth in Paragraph 3 of Count I.

█ Respondents admit in their brief that plaintiff may plead both an express contract and an implied contract in the alternative, and that its pleading will not thereby be struck down for insufficiency or inconsistency. Civil Rules 55.12 and 55.-06, V.A.M.R.; §§ 509.110 and 509.050, RS Mo., V.A.M.S.

█ Count II was alleged specifically to be "in the alternative" to Count I. Paragraph 3 of Count I did make reference to a contract or agreement which provided there would be no charge for plaintiff's interior decorating services. Although the pleading is no model, we find that interpreting it most favorably to plaintiff, Count II does not incorporate the agreement referred to in Count I. Bedell v. Daugherty,

362 Mo. 598, 242 S.W.2d 572; Martin v. Ficklin, 240 Mo.App. 1225, 227 S.W.2d 69. Rather, it incorporates the work, labor, services and expenses for trips and other items which plaintiff had alleged it performed in Count I. The basis upon which this work, etc., was performed; i. e., express contract, was not incorporated from Count I, but was rather alleged as at the "special instance and request" of defendants. If Count II incorporates the contract alleged in Count I then there is no substantial difference in the two counts. We do not think a liberal reading of Count II requires the conclusion that it proceeds upon the basis of the agreement alleged in Count I, which by its express terms precludes plaintiff from recovery for its interior decorating services. Count II on its face states a cause of action in quantum meruit and should not have been dismissed. Boyd v. Margolin, Mo., 421 S.W.2d 761; State ex rel. Hilleary and Partners, Ltd. v. Kelly, Mo.App., 448 S.W.2d 926.

Of course, if the proof shows that the parties agreed that such services would not be compensated or were voluntarily made, and if, under § 400.2–201, supra, defendants use the oral contract by way of defense, plaintiff may well be precluded from recovery. But on the pleadings which is all we can take into account on a motion to dismiss, it has stated a cause of action in quantum meruit. Smith v. Estate of Sypret, Mo., 421 S.W.2d 9.

█ Plaintiff's final assignment of error under its points relied on is that the trial court erred in holding that Count III failed to state a claim for which relief can be granted. Count III alleges an action sounding in conversion of plaintiff's decorating ideas. The court did not err in its ruling with respect to Count III. An action of trover lies only for the conversion of personal property. 89 C.J.S. Trover & Conversion § 11.

Therefore, the circuit court erred in dismissing Count II of plaintiff's amended pe-

**204**

tition. The judgment as to Count II is reversed and remanded; as to Counts I and III the judgment is affirmed.

BRADY, C. J., DOWD, J., and BLOOM, Special Judge, concur.