Betty S. BOYERS, Appellant,

v.

John Frank BOYERS, Respondent.

No. 38229.

Missouri Court of Appeals,
St. Louis District,
Division 2.

Feb. 28, 1978.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 10, 1978.

Application to Transfer Denied
June 15, 1978.

Waldron & Lichtenegger, Kenneth L. Waldron, Jackson, for appellant.

Robert L. Brown, Arnold, for respondent.

REINHARD, Judge.

Appellant-wife appeals certain provisions of a decree of dissolution. She asserts that the court erred (1) in determining that the "Lake Farm" was the Respondent-husband's separate property, and (2) in denying her request for maintenance.

The parties were married on the 28th day of June, 1969, and two children were born of the marriage. They were both employed at the same place at the time of the marriage and the wife continued to work until she was seven months pregnant.

The court set off to the husband as his separate property the home, some rental property, and an undivided one-half interest in the "Lake Farm" subject to a life estate in his father.[1] The court divided the marital property with each party receiving one-half of its value, $14,642.73.[2] Custody of the minor children was awarded to the wife

and the husband was ordered to pay child support. An allowance was made to the wife's attorney.

During the course of the trial, wife introduced into evidence two General Warranty deeds wherein the husband's father and mother conveyed an undivided one-half interest in the "Lake Farm" to the husband. A life estate was reserved unto Grantor, Ira Boyers. The recited consideration in the deeds was "One dollar ($1.00) and other good and valuable considerations . . ." They also provided that the husband was to be liable for payment of one-half of the total taxes and special assessments falling due thereafter. Apparently the other one-half interest in the "Lake Farm" was similarly conveyed to the husband's brother, Kelly.

Section 452.330.1, RSMo 1973 Supp., provides that in a proceeding for ". . . dissolution of the marriage . . . the court shall set apart to each spouse his property and shall divide the marital property in such proportions as the court deems just . . . ." Subsection 2 of § 452.330 defines marital property as ". . . all property acquired by either spouse subsequent to the marriage except: (1) Property acquired by gift, bequest, devise or descent; . . . ." Subsection 3 of § 452.330 provides that all property acquired by either spouse subsequent to the marriage and prior to a decree of legal separation is presumed to be marital property. The presumption of marital property is overcome by a showing that the property was acquired by gift.

The trial court found that the conveyance of the "Lake Farm" to the husband and his brother was a gift; therefore, the husband's one-half interest was his separate property and not marital property. During the trial the husband testified that he did not pay any consideration for this property and his testimony was corroborated by his father, who stated that the farm was a gift

---

1. A donor can make a valid gift reserving a life interest in himself. *Telle v. Roever,* 159 Mo. App. 115, 139 S.W. 256 (1911).

2. The court also found that each party had in his or her possession certain personal property, including automobiles, which each should retain.

to his sons. However, the wife testified that her husband informed her that he and his brother had bought the farm.

The wife argues that the court improperly admitted the evidence of the husband and his father that the conveyance of the "Lake Farm" was a gift. She contends this violated the parol evidence rule. She claims the consideration stated in the deed was "One dollar ($1.00) and other good and valuable considerations . . . ." and a promise to pay one-half of all future taxes and special assessments. She says the consideration was executory in nature, and that the document was in essence a contract.[3]

The general rule is that parol evidence is admissible to show the actual consideration for the deed. *Allaben v. Shelbourne,* 357 Mo. 1205, 212 S.W.2d 719, 724 (1948); *Finley v. Williams,* 325 Mo. 688, 29 S.W.2d 103, 106 (1930); *Lenox v. Earls,* 185 S.W. 232, 234 (Mo.App.1916); *Staed v. Rossier,* 157 Mo.App. 300, 137 S.W. 901, 904 (1911); *See v. Mallonee,* 107 Mo.App. 721, 82 S.W. 557, 559 (1904).

The stated consideration was one dollar and other valuable considerations. The court in *Finley v. Williams, supra,* stated 29 S.W.2d at page 106:

> "The consideration stated in this deed is 'the sum of one dollar and other good and valuable consideration.' The words, 'one cent,' 'one dime,' and 'one dollar,' are the technical words used to express nominal consideration. . . . The fact that the sum of one dollar is stated as a consideration is modified by the next clause, 'and other good and valuable consideration,' and such clause is open to investigation and explanation."

3. The wife relies on *Jackson v. The Chicago St. P. & K. C. R'y Co.,* 54 Mo.App. 636 (1893); *Halferty v. Scearce,* 135 Mo. 428, 37 S.W. 113 (1896).

4. Most Warranty Deed forms used in Missouri contain similar clauses pertaining to taxes, as do wife's exhibits 4 and 5 (Warranty Deeds conveying land to the senior Boyers).

The clause, "John Boyers shall be liable for the payment of one-half the total taxes and special assessments hereinafter falling due and payable", appears after the description.[4] Real estate taxes are a lien upon the land and are chargeable to the property irrespective of who the owner is. § 137.170, RSMo; *Evans v. Brussel,* 330 S.W.2d 788 (Mo.1959). However, ordinarily the life tenant has the duty to pay all taxes assessed against the property in discharge of his duty so as to maintain the property in that it will not pass over to the remainderman permanently reduced in value. 1 American Law of Property § 2.19.

The remainderman had a vested interest in this case and the donor has the right to place such restrictions or conditions on a gift which are not inconsistent with the vesting of title. The donee's obligation to pay taxes during the period of the donor's life estate does not affect the nature of the transaction.

We hold that the recitals in these deeds do not remove them from the general rule that parol evidence is properly admissible to show the true facts of a transaction as to the consideration. The court properly admitted the testimony that it was a gift and that no consideration was paid.[5]

Whether or not there was a gift of the "Lake Farm" is a fact question, *Lewis v. Lewis,* 354 Mo. 415, 189 S.W.2d 557, 560 (1945) and the burden of proof on the issue rested with the husband. *Williams v. Ellis,* 323 S.W.2d 238, 240 (Mo.1959). Since the conveyance was made during the marriage it was presumed to be marital property until a showing had been made that it was acquired by gift. § 452.330.3, RSMo 1973 Supp. There was substantial evidence to support the trial court's determination that

5. Consideration is not a necessary element of a deed. Judge Douglas, in *Brown v. Weare,* 348 Mo. 135, 152 S.W.2d 649, 653 (1941), stated: "It is true that a deed without any consideration is good as between the parties or their heirs. . . . However, it is a simpler, and a usual and sound, conveyancing practice to recite at least a nominal consideration, so that a stated consideration will appear on the face of the deed."

the conveyance constituted a gift and was not marital property. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo.1976).

■ Wife further contends that the court erred in denying her request for maintenance. She testified that she only wanted maintenance for herself until the youngest child entered school.[6] The court had before it sufficient evidence to make a determination under § 452.335 as to maintenance. We have reviewed the record in the light of *Murphy v. Carron, supra,* and we cannot say that the court's determination denying her request for maintenance is against the weight of the evidence or that it erroneously declares or applies to the law.

STEWART, P. J., and STEPHAN, J., concur.