Affirmed and Memorandum Opinion filed May 11, 2004









Affirmed and Memorandum Opinion filed May 11, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00652-CR

____________

 

DAVIS V.
LOPEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
183rd District Court

Harris County,
Texas

Trial Court Cause No.
896,407

 



 

M E M O R A N D U M   O P I N I O N

After a jury trial, appellant was convicted of the offense of
aggravated sexual assault. On May 15, 2003, the jury assessed punishment at
confinement for sixty years in the Institutional Division of the Texas
Department of Criminal Justice plus a $10,000 fine, and appellant was sentenced
accordingly.  Appellant filed a timely
notice of appeal.








Appellant=s appointed counsel filed a brief in which he concludes the
appeal is wholly frivolous and without merit. 
The brief meets the requirements of Anders v. California, 386
U.S. 738, 87 S.Ct. 1396 (1967), presenting a professional evaluation of the
record demonstrating why there are no arguable grounds to be advanced.  See High v. State, 573 S.W.2d 807
(Tex. Crim. App. 1978).

A copy of counsel=s brief was delivered to
appellant.  Appellant was advised of the
right to examine the appellate record and file a pro se response.  See Stafford v. State, 813 S.W.2d 503,
510 (Tex. Crim. App. 1991).  A copy of
the record was provided to appellant, and the court granted him an extension of
time to file a pro se response to counsel=s brief. 

On April 30, 2004, appellant filed a pro se response in which
he asserts the evidence is factually insufficient to support a finding that he
used a weapon in committing the offense. 
In reviewing a factual sufficiency challenge, the verdict may be set
aside only if the evidence is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. 
Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).  

The complainant testified at trial that appellant put a knife
to her neck and threatened her while sexually assaulting her.  The complainant=s sister-in-law walked by and saw
appellant and complainant through the window. 
She testified appellant looked as if she had been crying and asked her
to call the police.  Appellant was
identified as a suspect by the paint on his skin and in his hair that matched
paint left at the scene.  Both
complainant and her sister-in-law identified appellant from a photo array.  Subsequent DNA testing also confirmed a
positive match to appellant.  Appellant
did not testify at trial and put forward no defensive testimony.  








Appellant asserts the complainant=s testimony is not credible because
only the complainant testified about the knife, and she acknowledged she only
saw the weapon once during the assault. 
The jury is the exclusive judge of the credibility of the witnesses and
the weight to be given their testimony, and it is the jury=s exclusive province to reconcile
conflicts in the evidence.  Wesbrook
v. State, 29 S.W.2d 103, 111 (Tex. Crim. App. 2000).  We conclude that a rational trier of fact
could have found appellant guilty beyond a reasonable doubt of the offense as
charged.  See McDuff v. State, 939
S.W.2d 607, 614 (Tex. Crim. App. 1997).  

We have carefully reviewed the record, counsel=s brief, and appellant=s response and agree the appeal is
wholly frivolous and without merit. 
Further, we find no reversible error in the record.  A discussion of the brief or appellant=s response would add nothing to the
jurisprudence of the state.

Accordingly, the judgment of the trial court is affirmed.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed May 11, 2004.

Panel consists of Chief Justice
Hedges and Justices Frost and Guzman. 

Do Not Publish C Tex. R. App. P. 47.2(b).