IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs July 12, 2022

**STATE OF TENNESSEE v. ANDRE ANTHONY**

**Appeal from the Criminal Court for Shelby County**
**Nos. 00-00157, 00-00158, 00-00159, 00-00160, 00-00161     Chris Craft, Judge**

_____

**No. W2021-00668-CCA-R3-CD**

_____

The Defendant, Andre Anthony, appeals the Shelby County Criminal Court's denial of his pro se Motion to Correct Judgment Order. After review, we conclude that the appeal should be dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN W. CAMPBELL, SR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT L. HOLLOWAY, JR., JJ., joined.

Andre Anthony, Hartsville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter, and Katharine K. Decker, Senior Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

This case relates to the Defendant's robbery of a Memphis store in July 1999. *See State v. Andre Anthony*, No. W2002-01377-CCA-R3-CD, 2003 WL 23100339, at *1 (Tenn. Crim. App. Dec. 30, 2003). During the robbery, the Defendant seriously injured the store clerk and took cash, credit cards, and blank checks. *See id*. He later used one of the credit cards and made out three of the checks to himself. *See id*. at *3. The record reflects that in May 2002, a jury convicted the Defendant of forgery over five hundred dollars in case number 00-00157, forgery over five hundred dollars in case number 00-00158, forgery over one thousand dollars in case in case number 00-00159, attempted first degree murder in case number 00-00160, and especially aggravated robbery in case number 00-00161.

The trial court sentenced the Defendant to two years for each conviction of forgery over five hundred dollars, four years for his conviction of forgery over one thousand dollars, twenty-four years for his conviction of attempted first degree murder, and twenty-two years for his conviction of especially aggravated robbery. The trial court ordered that the Defendant serve the twenty-four-year sentence in case number 00-00160 and the twenty-two-year sentence in case number 00-00161 consecutively for a total effective sentence of forty-six years. All of the judgments of conviction reflected that the Defendant was to receive 982 days of pretrial jail credits.

On direct appeal of the Defendant's convictions, this court affirmed the judgments of the trial court. *Id.* This court also affirmed the post-conviction court's denial of the Defendant's petition for post-conviction relief and the trial court's denial of his motion to correct an illegal sentence pursuant to Rule 36.1, Tennessee Rules of Criminal Procedure. *See State v. Andre Anthony*, No. W2016-02347-CCA-R3-CD, 2018 WL 1989613, at *1 (Tenn. Crim. App. Apr. 26, 2018); *Andre Anthony v. State*, No. W2007-00532-CCA-R3-PC, 2008 WL 763783, at *1 (Tenn. Crim. App. Mar. 24, 2008).

On October 11, 2018, someone wrote on a copy of the Defendant's original judgment of conviction for case number 00-00161, "Do not duplicate jail credits." On July 29, 2020, the trial court entered corrected judgments of conviction in case numbers 00-00160 and 00-00161. The corrected judgment in case number 00-00160 reflected that the Defendant was to receive pretrial jail credits from August 24, 1999, to May 2, 2002, which equated to 982 days. The corrected judgment in case number 00-00161 did not reflect that the Defendant was to receive any pretrial jail credits. On May 3, 2021, the Petitioner filed a pro se "Motion to Correct Judgment Order," requesting that the trial court specify he was to serve his twenty-two-year sentence in case number 00-00161 prior to the sentences in his other cases and asserting that the corrected judgments of conviction entered on July 29, 2020, were invalid because he never received notice from the State for a motion to correct his judgments. On May 10, 2021, the trial court entered an order denying the Defendant's pro se motion, concluding that his judgments of conviction "need no correction" and that questions concerning his pretrial jail credits and the "correctness" of his judgments of conviction needed to be addressed through the Administrative Procedures Act.

## ANALYSIS

On appeal, the Defendant contends that the trial court erred by entering the corrected judgment in case number 00-00161, which removed his 982 days of pretrial jail credits, because the original judgment had become final, because he did not receive notice of the correction, because the trial court did not explain on the record the basis for removing the credits, and because the trial court was not prohibited from granting identical pretrial jail credits to his consecutive sentences in case numbers 00-00160 and 00-00161. The State asserts that the Defendant's notice of appeal was untimely and that the interest of justice to not warrant waiving the timely filing requirement. The State also asserts that, in any event,

the trial court could enter the corrected judgments to correct the trial court's clerical error of awarding duplicitous pretrial jail credits on the judgments. We conclude that the Defendant's appeal should be dismissed.

Tennessee Rule of Criminal Procedure 36 provides, "After giving any notice it considers appropriate, the court may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission." The trial court may correct a clerical error on the judgment even if the sentence has expired. *State v. Brown*, 479 S.W.2d 200, 213 (Tenn. 2015).

A trial court must award pretrial jail credits. *Calvin Reeves v. State*, No. M2017-00042-CCA-R3-PC, 2018 WL 272500, at *4 (Tenn. Crim. App. Jan. 3, 2018). As this court has explained, "[W]hen the trial court orders concurrent alignment of the sentences, the award of pretrial jail credits should be included on each judgment to provide the full benefit of the credits against the aggregate sentence." *Id.* (citing *State v. Henry*, 946 S.W.2d 833, 835 (Tenn. Crim. App. 1997)). However, "a defendant ordered to serve consecutive sentences is only entitled to pretrial jail credit on the first sentence." *State v. Andre Cabrere*, No. W2019-02093-CCA-R3-CD, 2020 WL 5230593, at *3 (Tenn. Crim. App. Sept. 1, 2020). If the award of duplicate pretrial jail credits on a judgment of conviction for a consecutive sentence is a clerical error and the judgment has become final, the trial court may enter a corrected judgment. *Id.* at *2.

The Defendant attached a copy of his sentencing hearing transcript to his pro se motion. The transcript reflects that the trial court sentenced him to twenty-four years for attempted first degree murder in case number 00-00160 and to twenty-two years for especially aggravated robbery in case number 00-00161 and that the trial court ordered him to serve the twenty-four-year sentence consecutively to the twenty-two-year sentence. However, both judgments of conviction show that the Defendant was to receive 982 days of pretrial jail credits. Therefore, it appears that the trial court should have entered a corrected judgment in case number 00-00160 pursuant to Tennessee Rule 36 to remove the duplicitous award of pretrial jail credits.

That said, we must conclude that the Defendant's appeal is not properly before us. Relevant to this case, Tennessee Rule of Appellate Procedure 3(b) provides that a defendant may appeal as of right from an order entered pursuant to Tennessee Rule of Criminal Procedure 36. Here, the trial court entered the corrected judgments on July 29, 2020, but the Defendant did not file a notice of appeal. *See* Tenn. R. App. P. 4(a). Instead, more than nine months later, he filed a pro se "Motion to Correct Judgment Order." The trial court entered an order denying the motion on May 10, 2021, and the Defendant filed a notice of appeal "from the final judgment" entered on May 10, 2021. However, Rule 3(b) does not provide for an appeal as of right from the denial of a "Motion to Correct Judgment Order." Therefore, we conclude that the Defendant's appeal should be dismissed.

## CONCLUSION

After review, the appeal is dismissed.

_____
JOHN W. CAMPBELL, SR., JUDGE